JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

CHALET BRAZIEL, FP016
Asst. Federal Public Defender
Attorney for Defendant
chalet_braziel@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Akiel Jackson,<br>Defendant | Case No. CR-21-01030-PHX-SMB<br>**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT** |

Mr. Jackson, by and through undersigned counsel, respectfully submits the following objection to the Draft Presentence Investigation Report ("PSR"). Sentencing on this matter is currently set for December 5, 2022.

**<u>Objection to Paragraph 17 – Base Offense Level</u>**

The United States Probation Office indicates that Mr. Jackson should have a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B). (PSR ¶17). Mr. Jackson objects to the base offense level calculation of 20 and asserts that his base level of offense should be 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A), as Mr. Jackson was a prohibited possessor at the time of this offense but did not possess a semiautomatic firearm that is capable of accepting a large capacity magazine within close proximity to the firearm.

The United States Sentencing Guidelines prescribe an elevated base offense level where the offense in question "involved a semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B). According to the U.S.S.G. § 2K2.1 Guideline Application Notes, a semiautomatic firearm that is capable of accepting a large capacity magazine for purposes of an elevated base offense level pursuant to subsection U.S.S.G. (a)(4) is one in which "(A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition [that] was in close proximity to the firearm." U.S.S.G. § 2K2.1, App. Note 2.

If a semiautomatic firearm does not have a magazine or similar device attached or within close proximity, an enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(B) results in an inappropriate application of the United States Sentencing Guidelines. *United States v. Luna-Gonzalez*, 34 F.4th 479 (5th Cir. 2022) is illustrative of this point. In *Luna-Gonzalez*, the defendant successfully appealed his elevated base offense level after asserting that the United States failed to prove that (1) the firearm and magazine in question were compatible and (2) that the firearm could fire multiple rounds without reloading. *Id*. at 480. In ruling, the court asserted that reliance on proximity should not serve as a cure-all in the absence of proving the compatibility requirement set forth in the guidelines. *Id*.

*United States v. Abrego*, 997 F.3d 309 (5th Cir. 2021) is also demonstrative of this concept. In *Abrego*, the defendant admitted to purchasing a semiautomatic firearm capable of accepting a large capacity magazine. The court, however, declined to sustain the elevated base offense level as it was solely based on the defendant's admission and the fact that the manufacturer's website indicated that it sold the firearm with two twenty round magazines. *Id*. at 311. The court found that

absent evidence that the defendant bought the firearm directly from that manufacturer or in the same exact condition as marketed on the website, the Government's argument would not suffice. *Abrego,* 997 F.3d at 313.

In the instant matter, there has been no demonstration of capability or proximity. Furthermore, no firearms were recovered that had been attached to a magazine or similar device that could accept 15 rounds of ammunition. A search warrant was executed on Jackson and his girlfriend's residence where agents located one firearm which was not included in the list of firearms purchased by Jackson or his girlfriend. (PSR ¶12). The location of the remaining firearms is unknown. (PSR ¶12). Agent Stephen Butler, in his probable cause statement affirms, that the "ATF has no information indicating that any of the firearms purchased by Jackson have been recovered." (Exhibit 1, pg. 324).

While a semi-automatic firearm may have been purchased by Mr. Jackson, there are no facts suggesting that there was a magazine that could accept 15 rounds of ammunition in close proximity to that firearm. There are also no facts that establish that the firearm was capable of accepting the magazines in question. Consequently, there is an insufficient basis to elevate Mr. Jackson's base offense level to 20 from 14. Under these circumstances a base offense level elevation should not be sustained and U.S.S.G. § 2K2.1(a)(4)(B) should be rendered inapplicable.

Accordingly, Mr. Jackson asks that the language in paragraph 17 be stricken and that his base offense level be reduced to a level 14 with an overall total offense level of 17 as his ultimate guideline's calculation.

Respectfully submitted: November 16, 2022.

JON M. SANDS
Federal Public Defender

*s/Chalet Braziel*
CHALET BRAZIEL
Asst. Federal Public Defender